324 A.2d 663.

JOSEPH LUCINI *vs.* EILEEN ROSE COURNOYER MAYHEW.

AUGUST 15, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

heard and case remanded to Superior Court for entry of judgment for defendant. Motion to reargue denied.

PAOLINO, J. This is a petition for a writ of certiorari to review the ruling of a justice of the Superior Court denying the defendant's Super. R. Civ. P. 12(b)(2) motion to dismiss the plaintiff's complaint for lack of jurisdiction over the person.

The pertinent facts are as follows. On April 27, 1968, plaintiff and defendant were involved in an automobile accident in Mansfield, Massachusetts. At the time of the accident, both parties were owner-operators and residents of Rhode Island. The plaintiff was returning to his home in Rhode Island and defendant had driven to the place of the accident from her home in Rhode Island. Her

automobile was registered in this state and she was operating the same under a Rhode Island license.

After the accident plaintiff contacted defendant's insurance company. Efforts at a settlement were unsuccessful. On March 30, 1970 plaintiff filed a complaint in the Superior Court in Providence. The plaintiff then attempted to serve defendant with the complaint and summons at the address on her license and registration. However, plaintiff could not effectuate service on defendant at that time because defendant had moved to another address. After additional unsucessful attempts by the sheriff to locate defendant in the state, plaintiff obtained an order of notice from the Superior Court on March 16, 1971, allowing service by mail on defendant at her last two known addresses in this state and on her insurance carrier at its offices in Pawtucket, Rhode Island and Fall River, Massachusetts. Process was served in compliance with the order of notice, but it is undisputed that defendant was never personally served with process at any time.

The defendant's insurance company answered the case on March 31, 1971. In her first defense she alleges that "[t]he court lacks personal jurisdiction of the defendant, she not having been served with process in accordance with the law." Subsequently, defendant also filed a motion to dismiss on like grounds, arguing that although defendant resided in this state until September 1970, on the date of the substituted service in 1971, she was a resident and domiciliary of Massachusetts. At that time she moved to her parents' home in Westport, Massachusetts.

As noted above, the trial justice denied defendant's motion to dismiss. He held that our long-arm statute, G. L. 1956 (1969 Reenactment) §9-5-33 was applicable and that the Superior Court had jurisdiction over the person of defendant. He said that the statute "* * * provides for substituted service in cases where persons

644

subject to the jurisdiction leave the state." Section 9-5-33, in pertinent part, reads as follows:

"* * * every individual not a resident of this state * * * that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island, and the courts of this state shall hold such * * * nonresident individuals * * * amenable to suit in Rhode Island in every case not contrary to the provisions of the constitution or laws of the United States.

"Service of process may be made on any such * * * nonresident individual * * * within or without the state in the manner provided by any applicable procedural rule or in the manner prescribed by order of the court in which such action is brought.

"Nothing herein shall limit or affect the right to serve process upon such nonresident individual or his executor or administrator, or such partnership or association, or a foreign corporation within this state or without this state in any manner now or hereafter permitted by law."

Initially we address ourselves to plaintiff's contention that certiorari is not a proper remedy in this case because there are no "unusual circumstances." We disagree. In our judgment the peculiar circumstances of this case are unusual and exceptional and raise a question of first impression in this state. In such circumstances, certiorari is appropriate. *See Conn* v. *ITT Aetna Finance Co.,* 105 R. I. 397, 404-05, 252 A.2d 184, 188 (1969).

The issue before us is whether a court of this state can exercise in personam jurisdiction in a case sounding in tort with the locus of the tort being in another state, if, at the time of the alleged tortious conduct and at the time of the filing of the civil action, the defendant was a resident and domiciliary of the state of Rhode Island, but at the time of the service by mail has become a resident and domiciliary of another state.

In considering this issue, we must first distinguish the factual circumstances of this case from those in which the defendant has fled the jurisdiction but has retained a domicile at his or her usual place of abode in the forum state,[1] where in personam jurisdiction would be proper. Although the record here indicates that defendant had frequently moved or changed her place of residence while living in this state, it does not appear that she intentionally evaded service during the time she was a resident here, nor does plaintiff argue that her moving to Massachusetts in September 1970 was for the purpose of evading service in this action.

The question remains whether the substituted service can be sustained under the unusual circumstances in the case at bar. We hold that it cannot.

Traditionally, before a court may enter a valid judgment adjudicating the rights of an individual, that individual must in some fashion either submit himself to the jurisdiction of the court or be subjected to that jurisdiction by service of process. *Pennoyer* v. *Neff*, 95 U. S. 714, 24 L.Ed. 565 (1877). Historically, the jurisdiction of the courts was grounded on the de facto power over the defendant's person or possessions. No natural person could be made subject to the jurisdiction of a state court unless he was found and served within the state or had attachable property therein. *Pennoyer, supra* at 720, 24 L.Ed. at 567-68.

These relatively rigid jurisdictional standards, however,

---

[1] *Compare Milliken* v. *Meyer,* 311 U. S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940). In that case, the Supreme Court upheld the out-of-state personal service of an individual whose domicile was within the state.

"Domicile in the state is alone sufficient to bring an absent defendant within the reach of the state's jurisdiction for purposes of a personal judgment by means of appropriate substituted service." *Id.* at 462, 61 S.Ct. at 342, 85 L.Ed. at 283.

The crucial factor in *Milliken,* however, was the continued state domicile.

have undergone considerable relaxation since the days of *Pennoyer,* primarily as a direct result of the increase in interstate contacts which has occurred since that time. Thus the contemporary "minimum contacts" approach to the issue of jurisdiction allows a court to subject a defendant to a judgment in personam if the latter's contacts with the forum state are such that the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co.* v. *Washington,* 326 U. S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *McGee* v. *Int'l Life Ins. Co.,* 355 U. S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Hanson* v. *Denckla,* 357 U. S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

The trend toward expanded in personam jurisdiction in the state courts is clear, but to assume that as a result of this trend that all jurisdictional barriers are defunct or outmoded is error. As the Court said in *Hanson* at 251, 78 S.Ct. at 1238, 2 L.Ed. at 1296:

> "Those restrictions [on the personal jurisdiction of the state courts] are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States. However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him."

Although at the time of the accident defendant held Rhode Island residency, such had been terminated prior to plaintiff's order of notice in 1971. On the basis of this record domicile cannot form the basis for in personam jurisdiction here. The plaintiff's reliance on *Milliken* v. *Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940), is misplaced. *See* note 1.

As we have previously stated, the trial justice held that jurisdiction could be found in our long-arm statute, §9-

5-33. This statute is not applicable here. Section 9-5-33 provides that all nonresidents "* * * that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island * * * in every case not contrary to the provisions of the constitution or laws of the United States." This statute has been held to permit the exercise of jurisdiction up to the limits imposed by the due process clause. *Scott Brass, Inc.* v. *Wire & Metal Specialties Corp.*, 344 F. Supp. 711 (D. R. I. 1972); *Conn* v. *ITT Aetna Finance Co., supra.* Accordingly, we turn to a constitutional assessment of the sufficiency of the "minimum contacts" in the instant case.

As the accident itself occurred in Massachusetts, the only "contact" upon which Rhode Island jurisdiction can be based under the long-arm statute is the fact that both drivers were, at the time of the accident, Rhode Island residents. This type of situation has already been held by this court to affect other issues,[2] but jurisdiction must be considered separately.

The fact of plaintiff's Rhode Island residency is clearly an insufficient contact upon which to base Rhode Island jurisdiction over defendant. The unilateral activity or status of plaintiff cannot satisfy the requirement of contact with the forum state. *Hanson* v. *Denckla, supra* at 253, 78 S.Ct. at 1239-40, 2 L.Ed.2d at 1297-98. *See Nat'l Equipment Rental, Ltd.* v. *Szukhent*, 375 U.S. 311, 330, 84 S.Ct. 411, 422, 11 L.Ed.2d 354, 366 (1964), dissenting opinion of Mr. Justice Black.

The defendant's former Rhode Island residency likewise does not constitute a sufficient contact with Rhode Island to give this state in personam jurisdiction over this

---

[2]We note that our decision here is limited to the question of in personam jurisdiction. The *choice of law* question is not before us at this time. *See Woodward* v. *Stewart,* 104 R. I. 290, 243 A.2d 917 (1968).

case. The jurisdiction of this state in a case involving a Rhode Island defendant is based solely on this state's power over the individual and his consequent accountability in its courts. This power, however, is not permanent, and once a resident leaves the state it is terminated. Had the defendant resided in Massachusetts at the time of the accident, there is no question but that this court could not have assumed jurisdiction over the case, there being nothing in the nature of the accident itself to supply the requisite contacts with this state. The fact that the defendant was then a Rhode Island resident does not alter this result. An out-of-state accident involving a Rhode Island driver concerns Rhode Island only as long as that driver remains a resident of this state. Once he moves out of the state, the contacts which flowed from his residency are severed and this state's jurisdiction ceases.

For the reasons stated, the petition for certiorari is granted, the order entered by the trial justice denying the defendant's motion to dismiss is quashed, and the case is remanded to the Superior Court for entry of judgment for the defendant.

Motion to reargue denied the mandate of the Court having been modified thus obviating necessity for reargument.

*Gunning, LaFazia, Gnys & Selya, Edward L. Gnys, Jr., John G. Hines,* for plaintiff-respondent.

*Higgins, Cavanagh & Cooney, John T. Walsh, Jr.,* for defendant-petitioner.