Robert BENDICK et al.

v.

Warren V. PICILLO et al.

No. 86–177–Appeal.

Supreme Court of Rhode Island.

June 1, 1987.

James E. O'Neil, Atty. Gen., Robin E. Feder, Asst. Atty. Gen., Providence, for plaintiff.

Charles J. Rogers, John F. Bomster, Joseph E. Galucci, Deming E. Sherman, Providence, for defendant.

## OPINION

MURRAY, Justice.

This is an action by the state and certain of its agencies against nearly thirty defendants arising out of the illegal dumping of hazardous waste at a site in Coventry, Rhode Island. The claims against two of the named defendants, Exxon Research and Engineering Co. (ER & E) and Rutgers, the State University of New Jersey (Rutgers), were dismissed due to lack of in personam jurisdiction. This case is here on appeal by the state and by defendant Hydron Laboratories, Inc. (Hydron), who seek contribution from Exxon and Rutgers.

On September 30, 1977, an explosion and fire occurred on property owned by Warren V. Picillo, Sr., and Selena Picillo in Coventry, Rhode Island (Picillo site). An investigation into the cause of the fire revealed that the premises were being used illegally as a toxic-waste dump site. This action followed.

On October 18, 1977, an action was commenced by the Rhode Island Attorney General, the director of the Department of Environmental Management (DEM), and the state fire marshal against the owners and operators of the Picillo site. The plaintiffs subsequently amended the complaint to include additional parties whom plaintiffs aver generated, transported, or arranged to transport or dispose of hazardous waste at the Picillo site. ER & E, Rutgers, and Hydron are three of the defendants whose hazardous waste was allegedly found at the site.

In 1980 Hydron moved to dismiss the complaint against it for lack of personal jurisdiction. The motion was denied.

In 1983 ER & E and Rutgers moved to dismiss the complaint against them for lack of personal jurisdiction. During the same year Hydron filed a third-party complaint against certain parties including ER & E and Rutgers, seeking contribution for any and all damages adjudged against Hydron that might be attributable to the other defendants. The motion to dismiss was granted in 1985. The plaintiffs then moved for the court to reconsider its decision. The motion was denied, and final judgment was entered on January 10, 1986, dismissing the action against ER & E and Rutgers.

The plaintiffs and defendant Hydron appealed the dismissal to this court.

The issues before this court are (1) whether the trial court erred in dismissing the action against defendants ER & E and Rutgers for lack of in personam jurisdiction and (2) whether the trial justice erred in finding in personam jurisdiction over defendant Hydron.

I

### DEFENDANTS ER & E AND RUTGERS

In order to withstand a defendant's Rule 12(b)(2) motion to dismiss a complaint

for lack of in personam jurisdiction, a plaintiff must allege sufficient facts to make out a prima facie case of jurisdiction. *Ben's Marine Sales v. Sleek Craft Boats*, 502 A.2d 808, 809 (R.I. 1985); Super. R. Civ. P. 12(b)(2). A prima facie case of jurisdiction is established when the requirements of Rhode Island's long-arm statute are satisfied. General Laws 1956 (1985 Reenactment) § 9–5–33 provides in part that

> "[e]very foreign corporation, every individual not a resident of this state * * * that shall have the necessary minimum contacts with the State of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island * * * in every case not contrary to the provisions of the constitution or laws of the United States."

The language of this statute permits Rhode Island courts to exercise jurisdiction over foreign defendants up to the limits of the Constitution. *Conn v. ITT Aetna Finance Co.*, 105 R.I. 397, 402, 252 A.2d 184, 186 (1969).

Constitutional due process requires that a nonresident defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend " 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). The minimum-contacts requirement protects defendants from the burden of having to litigate in an inconvenient forum and it ensures that states "do not reach out beyond [their] limits * * * as coequal sovereigns in a federal system." *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490, 498 (1980).

"Obviously, a determination as to the minimum contacts that will satisfy the requirements of due process will depend upon the facts of each particular case." *Ben's Marine Sales*, 502 A.2d at 810. "The fundamental question here is, thus, whether 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.' " *Violet v. Picillo*, 613

F.Supp. 1563, 1574 (D.R.I. 1985). "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283, 1298 (1958). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.; see Asahi Metal Industry Co. v. Superior Court of California*, ___ U.S. ___, ___, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92, 102 (1987) (due process requires action of defendant purposefully directed toward forum state). In determining whether minimum contacts exist, the court focuses on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683, 698 (1977).

Additional factors which the court will consider in determining whether jurisdiction exists include " 'the forum State's interest in adjudicating the dispute * * *; the plaintiff's interest in obtaining convenient and effective relief * * *; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies * * *.' " *Violet*, 613 F. Supp. at 1574–75. "These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528, 543–44 (1985).

The trial justice in the case at bar dismissed the complaint against ER& E and Rutgers due to lack of in personam jurisdiction solely on the basis of the pleadings, depositions, and affidavits filed. Although the trial justice considered defendants' contacts with Rhode Island in reaching his decision, we believe that the magnitude of the financial consequences of this case and the ramifications of this decision on future litigation in this area necessitate

a more comprehensive examination of ER & E and Rutgers contacts with the state in light of the factors previously mentioned. For these reasons this matter is remanded to the trial court for an evidentiary hearing.

## II

### DEFENDANT HYDRON

The defendant Hydron is before us on appeal of the order dismissing the action against ER & E and Rutgers. As previously mentioned, Hydron is a cross-claimant seeking contribution from the other defendants. On appeal Hydron argues that the Rhode Island court's exercise of jurisdiction over it violates due process. Furthermore, Hydron contends that it is proper for us to consider the trial justice's decision to exercise jurisdiction over Hydron because, although interlocutory in nature, the decision has an element of finality to it which violates Hydron's constitutional rights.

Generally, we will not review interlocutory orders or decrees unless the case falls within one of two well-recognized exceptions: (1) appeal is allowed from an interlocutory order directing the sale of real or personal property and (2) the court will review an order or decree which, although in the strict sense interlocutory, possesses such an element of finality that action is called for before the case is finally terminated in order to prevent clearly imminent and irreparable harm. *Town of Lincoln v. Cournoyer*, 118 R.I. 644, 648, 375 A.2d 410, 412–13 (1977); G.L. 1956 (1985 Reenactment) § 9–24–7.

We are not convinced that Hydron will suffer the clearly imminent and irreparable harm envisioned by the exception. For these reasons we find that Hydron's appeal of this issue is premature and is therefore dismissed.

For the reasons stated, we vacate the trial court's dismissal of the action against ER & E and Rutgers and remand the case for an evidentiary hearing on the issue of minimum contacts. The appeal of defendant Hydron is before us prematurely and is therefore denied and dismissed.