Lester E. McKENNEY

v.

KENYON PIECE DYE WORKS, INC.,
and Ramish Kleinewefers GMBH.

No. 89–244–M.P.

Supreme Court of Rhode Island.

Nov. 8, 1990.

Richard F. Kirby, Mactaz, Keefer, Kirby & Carroll, Woonsocket, John M. O'Neill, Swartz & Swartz, Boston, Mass., for plaintiff.

John A. Baglini, Higgins & Slattery, Paul V. Reynolds, Boyer, Reynolds & DeMarco, Providence, for defendants.

## OPINION

FAY, Chief Justice.

This case came before the Supreme Court by means of a petition for certiorari seeking review of a Superior Court order denying the motion for summary judgment of the codefendant, Ramish Kleinewefers GMBH (Ramish). We affirm.

The facts relevant to this appeal are as follows. The plaintiff, Lester E. McKenney, a Maine resident, commenced an action in the Washington County Superior Court in October 1985 naming Kenyon Piece Dye Works, Inc. (Kenyon), a Rhode Island corporation, and Ramish, a West German company, as codefendants. The complaint alleged that plaintiff suffered an injury to his hand on May 16, 1983, while operating a machine in the course of his employment at Laurel Industrial Textiles, Inc. (Laurel), a Maine corporation located in Skowhegan, Maine. The machine in question was originally sold in 1967 by the manufacturer, Ramish, to Charbert, Inc. (Charbert), a Rhode Island corporation. Charbert sold the machine in 1971 to Kenyon. Kenyon subsequently sold the machine to Laurel, plaintiff's employer.

At the conclusion of discovery, codefendant Ramish filed a motion for summary judgment, claiming that the Rhode Island forum lacked the requisite minimum contacts to obtain personal jurisdiction over it. The trial justice denied Ramish's motion. We affirm.

■ At the outset it is important to note that a challenge regarding personal jurisdiction should properly be raised as a motion to dismiss under Rule 12(b)(2) of the Superior Court Rules of Civil Procedure and not in conjunction with a Rule 56 motion for summary judgment. Accordingly we shall consider codefendant's appeal as

one from a denial of a Rule 12(b)(2) motion to dismiss.

■ It is well-settled law that for a plaintiff to withstand a motion to dismiss for lack of jurisdiction, the complaint must allege facts sufficient to satisfy the requirements of Rhode Island's long-arm statute, and the court's exercise of jurisdiction must comport with the requirements of constitutional due process. G.L.1956 (1985 Reenactment) § 9–5–33; *see International Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 160, 90 L.Ed. 95, 104 (1945). Section 9–5–33(a) provides in pertinent part:

> "Every foreign corporation, every individual not a resident of this state * * * that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island * * * in every case not contrary to the provisions of the constitution or laws of the United States."

This language has been interpreted to mean that Rhode Island courts may exercise jurisdiction over foreign defendants within the parameters set forth by the United States Constitution. *Bendick v. Picillo*, 525 A.2d 1310, 1312 (R.I.1987); *Ben's Marine Sales v. Sleek Craft Boats*, 502 A.2d 808, 809 (R.I.1985); *Conn. v. ITT Aetna Finance Co.*, 105 R.I. 397, 402, 252 A.2d 184, 186 (1969).

We must therefore look to an analysis of the requirements of due process. A nonresident defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co.*, 326 U.S. at 316, 66 S.Ct. at 158, 90 L.Ed. at 102. This requirement of minimum contacts with the forum state essentially " 'protects the defendant against the burdens of litigating in a distant or inconvenient forum' and ensures that 'the States * * * do not reach out beyond [their] limits * * * as coequal sovereigns in a federal system.'" *Ben's Marine Sales*, 502 A.2d at 809 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490, 498 (1980)).

The fundamental question is whether a defendant's actions can be construed to infer that the defendant has purposefully availed itself of the privileges, benefits, and protections of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 542 (1985); *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283, 1298 (1958); *Ben's Marine Sales*, 502 A.2d at 810. It is manifest, therefore, that the particular facts of each case will determine whether the minimum-contacts requirement has been satisfied. *Ben's Marine Sales*, 502 A.2d at 810; *Roger Williams General Hospital v. Fall River Trust Co.*, 423 A.2d 1384, 1386 (R.I.1981). This inquiry regarding minimum contacts turns on whether the cause of action arises out of the defendant's contacts with the forum. If a defendant's conduct does provide the basis for the litigation, all that need be shown for jurisdiction to be proper is a "relationship among the defendant, the forum, and the litigation." *Ben's Marine Sales*, 502 A.2d at 812 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404, 411 (1984)).

In *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223, 226 (1957), the United States Supreme Court considered whether a single contract could provide the foundation necessary to support jurisdiction. In *McGee* a Texas corporation assumed the insurance obligations of an Arizona insurance company. Consequently the Texas corporation mailed a reissuance certificate to a California policy holder. The holder accepted the certificate and thereafter paid his premiums by mail from his residence in California to the company's office in Texas. The Court held that the contract was substantially connected to the forum state, thereby satisfying the requirements of due process. *Id.*

In 1975 this court was called upon to interpret *McGee* and found that "a single act having impact in and connection with the forum state can satisfy the minimum contacts test of *International Shoe Co.*"

*Ben's Marine Sales,* 502 A.2d at 812 (quoting *Trustees of the Sheppard and Enoch Pratt Hospital v. Smith,* 114 R.I. 181, 184, 330 A.2d 804, 806 (1975)). In the case at bar it is undisputed that plaintiff suffered an injury on a machine sold and delivered by defendant Ramish to a company located in the State of Rhode Island. Despite Ramish's unsupported contention to the contrary, plaintiff's cause of action did arise out of that contact, thus providing a sufficient basis for the exercise of jurisdiction.

Finally, the fact that the sale and delivery of the machine occurred twenty years prior to the plaintiff's injury does nothing to alter our analysis. When Ramish sold the machine to Charbert, it availed itself of the privileges of conducting business within the State of Rhode Island as well as the benefits and protections of its laws. It is the opinion of this court, therefore, that the trial justice was correct in concluding that the sale and delivery of the machine into Rhode Island was a purposeful act sufficient to satisfy the minimum-contacts requirement necessary to subject Ramish to the court's jurisdiction.

The petition for certiorari is denied, and the writ heretofore issued is quashed. The order appealed from is affirmed, and the papers in this case are remanded to the Superior Court with our decision endorsed thereon.