**Paul E. MESSIER et al.**

v.

**John L. BELISLE.**

**No. 93–474–Appeal.**

Supreme Court of Rhode Island.

April 22, 1994.

Paul Baillargeon, North Smithfield, for plaintiff.

Patricia Shaw and John Mahoney, Asquith, Mahoney & Robinson, Providence, for defendant.

OPINION

PER CURIAM.

This matter came before this court on April 8, 1994, pursuant to an order requiring the plaintiffs, Paul E. Messier and Ruth M. Messier (the Messiers), to appear and to show cause why their appeal should not be denied and dismissed. The plaintiffs appeal from a Superior Court judgment in favor of the defendant, John L. Belisle (Belisle), granting his motion to dismiss the case for

lack of personal jurisdiction and insufficiency of service of process.

In March 1989 plaintiffs and defendant were involved in a car accident in Bellingham, Massachusetts. At that time all the parties were residents of Woonsocket, Rhode Island. In June 1990 defendant moved to Florida.

In 1992 the Messiers filed suit against Belisle, seeking damages for their injuries, which they alleged had resulted from Belisle's negligent operation of his motor vehicle. Counsel for the Messiers filed an affidavit stating that Belisle had been served in accordance with G.L.1956 (1982 Reenactment) § 31–7–7 and that the attorney had sent by certified mail, return receipt requested, a copy of the summons and complaint to Belisle's last-known address in Florida.

Belisle filed an answer and subsequently moved to dismiss the complaint pursuant to Rule 12(b)(2) and (5) of the Superior Court Rules of Civil Procedure for lack of personal jurisdiction and insufficiency of service of process. The motion was denied, Belisle's deposition was taken, and Belisle then filed a renewed motion to dismiss. The motion justice granted the motion, noting that *Lucini v. Mayhew,* 113 R.I. 641, 324 A.2d 663, *as amended on denial of reargument,* 113 R.I. 947 (1974), is clearly on point.

The Messiers concede that *Lucini* is on point, but they contend that more recent Rhode Island cases have expanded personal jurisdiction and have eroded the principles underpinning *Lucini.* They claim that Belisle availed himself of this state's laws, resided here at the time of the accident, and in his deposition testified that he would have to resolve the issue of his suspended Rhode Island driver's license here before his present state of residence would issue him a license. They contend that his unilateral decision to do business with the registry of motor vehicles in order to reinstate his license constitutes "significant contacts" with this state. Therefore, they assert, the motion justice erred in granting Belisle's renewed motion to dismiss.

Belisle argues that *Lucini* controls here and disagrees with plaintiffs' assertion that the law has changed since *Lucini* was decided. He contends that his suspended license does not rise to the level of continuing, purposeful activity required for sufficient contacts with this state to establish personal jurisdiction over him.

We have stated that the scope of our long-arm statute is coextensive with federal constitutional limits on personal jurisdiction. *See Bendick v. Picillo,* 525 A.2d 1310, 1312 (R.I.1987). The statute, G.L.1956 (1985 Reenactment) § 9–5–33, allows Rhode Island courts to exercise jurisdiction over foreign defendants, including nonresidents, with the requisite minimum contacts with this state. *See Bendick,* 525 A.2d at 1312. *Lucini* involved an extrajurisdictional car accident between two Rhode Island residents, one of whom subsequently moved out of state. *See Lucini,* 113 R.I. at 642–44, 324 A.2d at 664–65. We held that the fact of the defendant's residency was an insufficient contact on which to base jurisdiction over her. *See id.* at 647–48, 324 A.2d at 666–67.

*Lucini* controls this case. We do not believe that the additional factor of Belisle's need to communicate with, or any communication with, the registry of motor vehicles to resolve his driver's license suspension creates a sufficient minimum contact or constitutes such conduct and connection with Rhode Island that " 'he should reasonably anticipate being haled into court [here].' " *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 542 (1985).

We therefore conclude that the motion justice correctly dismissed this complaint for lack of personal jurisdiction over Belisle. Because of this conclusion we do not discuss the sufficiency-of-process issue.

Consequently, the plaintiffs' appeal is denied and dismissed. The judgment appealed from is affirmed.