## COVENTRY CREDIT UNION

v.

## John T. TRAFFORD et al.

### No. 93–648–Appeal.

Supreme Court of Rhode Island.

Sept. 29, 1994.

John Trafford, pro se.

Richard Boren, John DeSano, Providence.

### ORDER

This matter came before the Supreme Court for oral argument on September 20, 1994, pursuant to an order that directed the Pro Se defendants John T. Trafford and Carol A. Trafford to show cause why the issues raised in their appeal should not be summarily decided.

The defendants have appealed from a Superior Court order that (1) denied their motion to dismiss the complaint of the plaintiff, Coventry Credit Union; (2) denied defendants' oral motion to stay; (3) granted plaintiff's motion to sever the complaint from defendants' counterclaim; and (4) granted plaintiff's motion to strike defendants' ad damnum in all counts of their counterclaim.

After reviewing the memoranda submitted by the parties and listening to the issues presented in oral argument, we are of the opinion that cause has not been shown, and the appeal will be summarily decided.

The plaintiff filed a trespass-and-ejectment action against defendants, alleging it is the owner, following its successful bid at a foreclosure sale, of premises occupied by defendants. The defendants have asserted in their appeal that the trial justice erred in granting plaintiff's motion to sever. The defendants, however, seek this court's review of an interlocutory order. In *Bendick v. Picillo,* 525 A.2d 1310, 1313 (R.I.1987) we stated:

"Generally, we will not review interlocutory orders or decrees unless the case falls within one of two well-recognized exceptions: (1) appeal is allowed from an interlocutory order directing the sale of real or personal property and (2) the court will review an order or decree which, although in the strict sense interlocutory, possesses such an element of finality that action is called for before the case is finally terminated in order to prevent clearly imminent and irreparable harm."

We are of the opinion that the defendants' appeal does not fall within the exceptions to our rule that precludes review of interlocutory orders.

Therefore, we deny and dismiss the defendants' appeal without prejudice to any further proceeding they may wish to pursue. The papers in the case are remanded to the Superior Court.

WEISBERGER, Acting C.J., did not participate.