ULTRA SCIENTIFIC, INC.

v.

John S. YANUSAS et al.

No. 95–249–APPEAL.

Supreme Court of Rhode Island.

Jan. 21, 1997.

William Mark Russo, Providence, for Plaintiff.

William Y. Chaika, Providence, Howard Lawrence, for Defendant.

## OPINION

PER CURIAM.

This case came before a panel of the Supreme Court for oral argument on September 25, 1996, pursuant to an order that directed both parties to show cause why the appeal of the plaintiff, Ultra Scientific, Inc., should not be summarily decided. The plaintiff appealed a Superior Court order dismissing its amended complaint for lack of *in personam* jurisdiction over the defendant, Accustandard, Inc. (Accustandard). On October 3, 1996, this Court issued an order that directed the plaintiff to file a transcript of the Superior Court hearing on the defendant's motion to dismiss the plaintiff's amended complaint for lack of personal jurisdiction and to file any statements made by any Superior Court justice limiting the hearing on that motion to the pleadings. The plaintiff has supplied this Court with the requested transcripts.

After reviewing the transcripts and the memoranda submitted by the parties and after hearing the arguments of counsel, this Court concludes that cause has not been shown and that the case will be decided at this time.

The plaintiff, a specialist in analytical standards, alleged that it entered into an employment contract with John S. Yanusas (Yanusas) in January 1993. The agreement contained a provision that Yanusas not compete "any where in the United States" for a period of three years after the termination of Yanusas' employment. The agreement also contained a covenant that Yanusas not divulge or appropriate for his own use or for the use of any competitive business, confidential proprietary information pertaining to the nature of plaintiff's business. In July 1994, Accustandard, a Connecticut company, hired Yanusas, an act that plaintiff claims tortiously interfered with its employment agreement with Yanusas, resulting in Accustandard's misappropriating plaintiff's trade secrets.

On October 4, 1994, Accustandard filed a motion to dismiss plaintiff's amended complaint on the grounds that Rhode Island lacked the requisite minimum contacts to obtain *in personam* jurisdiction over Accustandard. The motion was granted on January 5, 1995, and plaintiff appealed.

■ The plaintiff alleged that Accustandard committed a tort in the State of Rhode Island by interfering with rights arising under a Rhode Island employment contract and by wrongly acquiring a Rhode Island corporation's trade secrets. The plaintiff further alleged that this tortious conduct constituted the requisite minimum contacts required for Rhode Island to exercise *in personam* jurisdiction.

Accustandard claimed that the sole connection between it and plaintiff is that Accustandard hired Yanusas, plaintiff's former employee. Accustandard maintained that Accustandard never advertised in Rhode Island, never solicited business in Rhode Island, never had distributors, commissioned agents, or representatives in Rhode Island, and had sales of less than 0.07 percent of its total sales in Rhode Island in 1993.

■ It is well settled that to withstand a motion to dismiss for lack of *in personam* jurisdiction, a plaintiff's complaint must allege facts sufficient to satisfy the requirements of Rhode Island's long-arm statute,

and the court's exercise of jurisdiction must comport with the requirements of due process as established by the United States Constitution. *McKenney v. Kenyon Piece Dye Works, Inc.*, 582 A.2d 107, 108 (R.I. 1990). *See also* G.L.1956 § 9–5–33. To meet the requirements of due process, the nonresident defendant must "have certain minimum contacts with [this state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *McKenney*, 582 A.2d at 108 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945)). When examining a nonresident defendant's contacts with this state, we must determine whether that defendant, through those contacts, has "purposefully availed itself of the privileges, benefits and protections of [this] state." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 542 (1985)). Thus, the particular facts of each case will determine whether the requisite minimum contacts have been satisfied. *Id.* (citing *Ben's Marine Sales v. Sleek Craft Boats*, 502 A.2d 808, 810 (R.I.1985); *Roger Williams General Hospital v. Fall River Trust Co.*, 423 A.2d 1384, 1386 (R.I.1981)). Moreover, this Court will not disturb the factual findings of a trial justice unless the trial justice has misconceived or overlooked relevant or material evidence or was otherwise clearly wrong. *Cerilli v. Newport Offshore, Ltd.*, 612 A.2d 35, 39 (R.I.1992).

In this case, in reviewing the evidence on the motion to dismiss for lack of *in personam* jurisdiction, the trial justice specifically noted that there was "no question" that general jurisdiction could not be applied to the defendant Accustandard because it did not have "purposeful and systematic contacts" with Rhode Island. The trial justice concluded that the defendant did not have "systematic, continuous, or substantial connections to the forum of Rhode Island" and that Accustandard's activities were not so substantial that anything it did in Rhode Island should subject it to Rhode Island jurisdiction. Moreover, the trial justice did not find "even one contact with the necessary requisite * * *

contact sufficient to subject [Accustandard] to [the Rhode Island] Court's jurisdiction." Having reviewed the transcripts and record before us, we cannot conclude that the trial justice erred in granting the defendant Accustandard's motion to dismiss for lack of *in personam* jurisdiction.

Consequently, we deny and dismiss the appeal and affirm the judgment of the Superior Court, to which the papers in the case may be returned.

WEISBERGER, C.J., and MURRAY, J., did not participate.