## Richard DEXTRAZE

### v.

## FLORIDA FLAME, INC., et al.

### No. 95–609–Appeal.

Supreme Court of Rhode Island.

March 27, 1997.

Merrill J. Friedemann, Providence, Aram Schrefrin.

Thomas Lyons, Providence.

### ORDER

This case came before a panel of the Supreme Court on March 18, 1997, pursuant to an order that directed the plaintiff, Richard Dextraze, and the defendant, Arthur Fulmer, Inc., to show cause why the issues raised by this appeal should not be summarily decided.[1] The plaintiff has appealed a Superior Court order granting the defendant's motion

---

1. The plaintiff's claims against defendants Florida Flame, Inc., Florida Safety Products, Inc., and Arthur Fulmer, Alias remain pending in Superior Court. The word "defendant" as used in this order applies only to Arthur Fulmer, Inc.

to dismiss based on the lack of in personam jurisdiction.[2]

After hearing the arguments of counsel and reviewing the memoranda filed by the parties, this Court concludes that cause has not been shown, and the case will be decided at this time.

In May 1986, plaintiff was injured in a motorcycle accident in Alabama. He alleged that at the time he was wearing a "Fulmer" brand motorcycle helmet distributed by defendant. On April 18, 1989, plaintiff filed a complaint in the Superior Court in Rhode Island, claiming that the helmet was defective. The defendant moved to dismiss the complaint based on a lack of personal jurisdiction. In an affidavit, Don McClure, defendant's vice-president and secretary, averred that defendant is a Tennessee corporation that has never done business in Rhode Island. The plaintiff did not dispute that defendant lacked minimum contacts with Rhode Island. *See Ultra Scientific, Inc. v. John S. Yanusas et al.*, 687 A.2d 1247 (R.I.1997) (minimum contacts required before personal jurisdiction can be asserted). Rather, plaintiff argued that jurisdiction existed by virtue of the minimum contacts that did exist between a related corporation, Arthur Fulmer Albany, Inc., and this state. According to plaintiff, defendant and Arthur Fulmer Albany, Inc., were essentially the same corporation and the separate corporate forms should have been disregarded.

In *Miller v. Dixon Industries Corp.*, 513 A.2d 597, 604 (R.I.1986), this Court held: "Generally, where a parent-subsidiary relationship is involved, it must be demonstrated that the parent dominated the finances, policies, and practices of the subsidiary. * * * Absent a showing of inequity, fraud, undercapitalization, or domination by the parent corporation, separate corporate identities must be observed." We are of the opinion that plaintiff failed to demonstrate that defendant dominated the finances, policies, and practices of Arthur Fulmer Albany, Inc., or that Arthur Fulmer Albany, Inc., was not a bona fide corporation such that piercing the corporate veil was required. Therefore, the separate corporate identities must be observed.

Consequently, we deny and dismiss this appeal and affirm the judgment of the Superior Court to which we remand the papers in the case.

BOURCIER, J., did not participate.

---

**2.** The plaintiff's claims against the single defendant Arthur Fulmer, Inc., are before this Court pursuant to a certificate entered by the Superior Court under Rule 54(b) of the Rhode Island Rules of Civil Procedure on April 25, 1996.