Carl ANDERSON et al.

v.

METROPOLITAN LIFE INSURANCE CO. et al.

Robert ALLARD et al.

v.

ACandS, INC., et al.

Joseph PELLETIER et al.

v.

ACandS, INC., et al.

Gerard LAPIERRE et al.

v.

ACandS, INC.

Thomas MAHONEY et al.

v.

ACandS, INC., et al.

Mary GRANT, Executrix of the Estate of Daniel Grant and Individually as of the Widow of Daniel Grant

v.

METROPOLITAN LIFE INSURANCE CO. et al.

No. 95–713–Appeal.

Supreme Court of Rhode Island.

May 30, 1997.

David A. Shaw, Barrington, for Plaintiffs.

Barbara S. Cohen, Providence, for Defendants.

Present: WEISBERGER, C.J., and LEDERBERG, BOURCIER, and FLANDERS[1], JJ.

PER CURIAM.

The plaintiffs[2] appeal from Super. R. Civ. P. 54(b) judgments dismissing their individual complaints against the defendant CSR Limited (CSR) for lack of personal jurisdiction.[3] The Plaintiffs sued CSR and other companies, seeking damages as a result of their (or their decedents') exposure to asbestos-containing products. CSR is a company organized under the laws of Australia with a principal place of business in Sydney, Australia. Prior to 1967, it acted as the sales agent for its subsidiary, Australian Blue Asbestos Pty Limited, a company mining raw asbestos fibers known as blue crocidolite or "blue asbestos." In its capacity as sales agent, CSR sold some of these raw fibers on behalf of its subsidiary to Johns–Manville Corporation, the fibers being shipped from Australia to three Johns–Manville plants located in states outside of Rhode Island. Johns–Manville then used the fibers in two products that it made and later shipped to many states, one of which was Rhode Island. Other than its dealings with Johns–Manville, the record reveals no further contacts with Rhode Island.

Although conceding that CSR had no direct contacts with Rhode Island, plaintiffs contend that by shipping asbestos fibers to Johns–Manville in the United States, CSR engaged in purposeful commercial activity directed toward the entire continental United States and that such activity was sufficient for Rhode Island to exercise personal jurisdiction over CSR. They further claim that the unique and highly movable nature of these types of products, including those incorporating asbestos fibers, allows a court to

1. Justice Flanders participated in the oral argument but after doing so, discovered that his former law firm represents Owens–Illinois, Inc., one of the many defendants in four of the six cases appealed, but who is not a party to this appeal. As a result Justice Flanders has recused himself and did not participate in the decision.

2. The plaintiffs who have appealed from the judgments dismissing their complaints against defendant CSR are Carl Anderson, Robert Allard, Joseph Pelletier, Gerard Lapierre, Thomas Maho-ney, and Mary Grant. Although these cases are not consolidated, we have treated them as one for purposes of this appeal.

3. We directed the parties to show cause why the issues raised in this appeal should not be decided summarily. After reviewing their legal memoranda and hearing oral argument, we conclude that cause has not been shown and therefore proceed to resolve this appeal without further briefing and argument.

hold that the locus of any product-liability action involving asbestos necessarily travels with the asbestos product itself. They further contend that their position is consistent with the " 'stream of commerce' " theory of minimum contacts that this court discussed in *Ben's Marine Sales v. Sleek Craft Boats*, 502 A.2d 808, 813 (R.I.1985).

Here, however, there are no allegations or other evidence in the record to suggest that CSR *purposefully* availed itself of the privileges, benefits, and protections of doing business in Rhode Island. "It is well settled that to withstand a motion to dismiss for lack of *in personam* jurisdiction, a plaintiff's complaint must allege facts sufficient to satisfy the requirements of Rhode Island's long-arm statute, and the court's exercise of jurisdiction must comport with the requirements of due process as established by the United States Constitution." *Ultra Scientific, Inc. v. Yanusas*, 687 A.2d 1247, 1248–49 (R.I.1997); *see also*, G.L. 1956 § 9–5–33. For personal jurisdiction to exist, the nonresident defendant must have had " 'certain minimum contacts' " with this state, which involves having " 'purposefully availed itself of the privileges, benefits and protections of [this] state.' " *Yanusas*, 687 A.2d at 1249 (brackets in original) (quoting *McKenney v. Kenyon Piece Dye Works, Inc.*, 582 A.2d 107, 108 (R.I.1990) and citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 542 (1985)).

The mere fact that CSR shipped raw asbestos fibers to Johns–Manville at locations outside Rhode Island and that Johns–Manville incorporated these raw materials into products that Johns–Manville shipped into Rhode Island without more does not constitute the kind of purposeful and deliberate activity by or on behalf of CSR that would be necessary to hale CSR into a Rhode Island court. *See Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L.Ed.2d 92, 104 (1987) (opinion of O'Connor, J. for four members of the Court) ("[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State"); *Hanson v. Denckla*, 357 U.S.

235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283, 1298 (1958) ("[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State"). In other words, the mere fact that a company produces and/or ships raw material into this country to a non-Rhode Island destination where it is then incorporated by an independent entity into a product that is in turn shipped by that entity into Rhode Island does not in and of itself constitute sufficient minimum contacts for Rhode Island to exercise personal jurisdiction over the original producer and/or shipper of the raw materials.

For these reasons we deny and dismiss the plaintiffs' appeal and affirm the judgment of the Superior Court dismissing CSR from the case.

FLANDERS, J., recused himself after oral argument and did not participate in the decision of this case.