John J. KALOOSKI

v.

ALBERT–FRANKENTHAL AG and
Hamann & Hamann Im-und
Export GmbH.

No. 99–498–APPEAL.

Supreme Court of Rhode Island.

April 27, 2001.

John D. Archetto, Conrad M. Cutcliffe, Providence, for Plaintiff.

Richard F. Hentz, Raymond Alan Lafazia, Providence, for Defendant.

Present WILLIAMS, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff, John J. Kalooski (plaintiff), has appealed the dismissal of his personal injury claim against Albert–Frankenthal AG[1], a German corporation (Albert–Frankenthal or defendant) for lack of personal jurisdiction. This case came before the Supreme Court for oral argument on April 5, 2001, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed· by the parties, we are of the opinion that cause has not been shown and that the issues raised by the appeal should be decided at this time.

The plaintiff alleged that on February 9, 1989, in the course of his employment with Maxwell Communications Corp. (Maxwell), he was injured while working on a folder machine, model V.132 (V3–128), manufactured by Albert–Frankenthal and sold to Providence Gravure, Inc.[2] by Hamann & Hamann Im– und Export GmbH (Hamann).[3] Pursuant to Rule 12(b)(2) of the Superior Court Rules of Civil Procedure, Albert–Frankenthal filed a motion to dismiss for lack of personal jurisdiction because it lacked the necessary minimum contacts required by G.L.1956 § 9–5–33. After a hearing on June 15, 1999, a Superior Court motion justice granted the motion, and plaintiff appealed.

It is well established that "[i]n order to withstand a defendant's Rule 12(b)(2) motion to dismiss a complaint for lack of *in personam* jurisdiction, a plaintiff must allege sufficient facts to make out a *prima facie* case of jurisdiction * * * [that is] established when the requirements of Rhode Island's long-arm statute are satisfied." *Bendick v. Picillo*, 525 A.2d 1310, 1311–12 (R.I.1987). (Emphasis added.) Section 9–5–33(a) provides in pertinent part:

"Every foreign corporation, every individual not a resident of this state * * * that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island, and the courts of this state shall hold such foreign corporations * * * amenable to suit in Rhode Island in every case not contrary to the provisions of the constitution or laws of the United States."

Accordingly, Rhode Island courts may exercise jurisdiction over foreign defendants within the limits imposed by the United States Constitution. *McKenney v. Kenyon Piece Dye Works, Inc.*, 582 A.2d 107, 108 (R.I.1990); *Bendick*, 525 A.2d at 1312 (citing *Conn v. ITT Aetna Finance Co.*, 105 R.I. 397, 402, 252 A.2d 184, 186 (1969)); *Ben's Marine Sales v. Sleek Craft Boats*, 502 A.2d 808, 809 (R.I.1985). To ensure constitutional due process to a nonresident defendant, certain minimum contacts with the forum state are required "such that the maintenance of the suit does

---

1. Albert–Frankenthal AG has been renamed and is now known as Koenig & Bauer–Albert AG (Koenig & Bauer).

2. Maxwell is the successor of Providence Gravure, Inc. to which the folder machine was sold by Hamann. Pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, judgment for Albert–Frankenthal was entered on June 15, 1999.

3. The plaintiff has received workers' compensation benefits for his injury and has agreed to reimburse the workers' compensation carrier if he recovered damages in his action.

not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945)). "[A] determination as to the minimum contacts that will satisfy the requirements of due process will depend upon the facts of each particular case." *Ben's Marine Sales,* 502 A.2d at 810. This Court accords "great deference to a trial justice's findings concerning a defendant's minimum contacts with the forum state," *Casey v. Treasure Island at the Mirage,* 745 A.2d 743, 744 (R.I.2000) (per curiam), and findings of fact of a trial justice will not be disturbed "absent a showing that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong." *Technology Investors v. Town of Westerly,* 689 A.2d 1060, 1062 (R.I.1997).

We note that no transcript either of the motion justice's decision or of the proceedings on the motion to dismiss has been provided by plaintiff to this Court, thereby precluding our review of the factual findings by the motion justice in this case. We have consistently warned that it is fundamental that "a party seeking to have this [C]ourt review alleged error has the burden of furnishing us with so much of the record as may be required to enable this [C]ourt to pass on the error alleged." *May v. Penn T.V. & Furniture Co.,* 686 A.2d 95, 98 (R.I.1996) (quoting *Chariho Regional High School District v. Town Treasurer of Hopkinton,* 109 R.I. 30, 45, 280 A.2d 312, 320 (1971)). "If the appealing party fails to provide us with a sufficient transcript, we cannot perform a meaningful review and have no choice but to uphold the trial justice's findings." *Id.* (quoting *In re Kimberly and James,* 583

A.2d 877, 879 (R.I.1990)). *See also Kelaghan v. Roberts,* 433 A.2d 226, 232 (R.I. 1981) (holding that court cannot pass upon asserted error without adequate transcript); *Watmough v. Watmough,* 430 A.2d 1059, 1061 (R.I.1981) (holding that inadequate transcript prevented meaningful review).

The uncontroverted affidavit by Koenig & Bauer's financial executive Manfred Kunz (Kunz) stated that the folder machine at issue was not directly sold by Koenig & Bauer to plaintiff's employer or to co-defendant Hamann. Instead, the machine was sold in 1973 and delivered in 1974 to the Gruner & Jahr corporation in Itzehoe, Germany. Kunz further maintained that Albert–Frankenthal never advertised, owned any property, maintained an office, or had any employees in the State of Rhode Island. In 1985, the folder machine was sold by Hamann to Providence Gravure, Inc., a printing business later succeeded by Maxwell, plaintiff's employer. Although it is undisputed that Albert–Frankenthal sold at least one additional folder machine of a similar type to plaintiff's employer in 1986, plaintiff's allegation that defendant offered to send one of its engineers to Rhode Island to finalize engineering details was not supported by the evidence in the record.[4]

This Court has stated that "[the] inquiry regarding minimum contacts turns on whether the cause of action arises out of the defendant's contacts with the forum." *McKenney,* 582 A.2d at 108. In *McKenney,* the plaintiff was injured on a machine "sold and delivered by defendant * * * to a company located in the State of Rhode Island," *id.* at 109, and we held that "plaintiff's cause of action did arise out of that contact." *Id.* In the case before us, how-

---

4. An invoice for additional folder machines or a letter referring to a visit by Albert–Frankenthal's engineers—both allegedly introduced at the hearing—were not found in the record or submitted by plaintiff.

ever, Albert–Frankenthal did not sell the folder machine at issue to plaintiff's employer and therefore did not "avail [ ] itself of the privileges of conducting business within the State of Rhode Island as well as the benefits and protections of its laws." *Id.* Because the plaintiff's claim of injury did not arise out of the defendant's actions occurring in Rhode Island and "in the absence of any other meaningful activity directed toward Rhode Island," *Casey,* 745 A.2d at 745, the subsequent isolated sale of folder machinery of a similar type did not constitute sufficiently "continuous and systematic" contacts to establish *in personam* jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415–16, 104 S.Ct. 1868, 1872–73, 80 L.Ed.2d 404, 411–12 (1984) (holding that where respondents' claims did not arise out of the defendant's activities within forum, and absent continuous and systematic general business contacts by the defendant with the forum state, mere purchases by the defendant did not warrant *in personam* jurisdiction).

We conclude, therefore, that Albert–Frankenthal's contacts with the State of Rhode Island were insufficient to invoke *in personam* jurisdiction over the company. Accordingly, we deny the plaintiff's appeal and affirm the judgment of the Superior Court, to which the papers in this case may be returned.