John CASEY

v.

TREASURE ISLAND AT the MIRAGE.

Nos. 98–346–Appeal.

Supreme Court of Rhode Island.

Feb. 2, 2000.

Robert S. Parker, Michael Coleman, Providence, for Plaintiff.

Raymond Lafazia, Christopher M. Rawson, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff, John Casey (Casey), appeals from a Superior Court order dismissing his civil action against the defendant, Treasure Island Corporation (Treasure Island), pursuant to its Super.R.Civ.P. 12(b)(2) motion to dismiss for lack for jurisdiction. The appeal came before this Court for oral argument on December 13, 1999, pursuant to an order directing the parties to appear to show cause why the issues raised in the appeal should not be summarily decided. No cause having been shown, we proceed at this time to summarily decide the issues before us.

Treasure Island is a foreign corporation doing business as Treasure Island at the Mirage in Las Vegas, Nevada. On July 23, 1995, Casey was a guest at Treasure Island. While Casey was in its swimming pool, another guest jumped into the pool, landing on top of him and causing him severe injuries. Casey subsequently filed the instant civil action against Treasure Island in the Providence Superior Court, claiming that Treasure Island's employees

had been negligent in failing to prevent the other guest from jumping into the pool and injuring him. Treasure Island moved to dismiss Casey's action, claiming that because it had not in any way purposefully availed itself of the privilege of doing business in Rhode Island, the Rhode Island Superior Court could not exercise general *in personam* jurisdiction over it. Casey countered in objection to the motion that Treasure Island had initiated minimum contacts with Rhode Island. He alleged the minimum contacts to be use of mailed advertisements by Treasure Island to Rhode Island residents who previously had been guests of Treasure Island [1], as well as through brochures offered by several airlines doing business in Rhode Island that featured various hotels, including Treasure Island, as part of vacation packages offered by those airlines. During discovery, one such brochure was produced from a travel agency in Rhode Island. The trial justice, after hearing arguments from both parties, ultimately granted Treasure Island's Rule 12(b)(2) motion to dismiss, concluding "that based upon these contacts alone, it's not reasonable for the Court to find this corporation through these activities alone purposefully availed [itself] of the laws and protections of this jurisdiction." Judgment was entered in favor of Treasure Island on May 18, 1998, and Casey subsequently timely appealed to this Court.

■ "It is well settled that to withstand a motion to dismiss for lack of *in person-· am* jurisdiction, a plaintiff's complaint must allege facts sufficient to satisfy the requirements of Rhode Island's long-arm statute, and the court's exercise of jurisdiction must comport with the requirements of due process as established by the United States Constitution." *Ultra Scientific, Inc. v. Yanusas*, 687 A.2d 1247, 1248–49 (R.I.1997) (*per curiam*) (citing *McKenney v. Kenyon Piece Dye Works, Inc.*, 582 A.2d 107, 108 (R.I.1990)).

■ We have held that a Rhode Island court may exercise *in personam* jurisdiction over a nonresident corporation provided there exist minimum contacts between the defendant corporation and the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *McKenney*, 582 A.2d at 108 (quoting *International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945)). *See also Roger Williams General Hospital v. Fall River Trust Co.*, 423 A.2d 1384, 1386 (R.I.1981). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Ben's Marine Sales v. Sleek Craft Boats*, 502 A.2d 808, 810 (R.I.1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283, 1298 (1958)). Where as here, the plaintiff's cause of action does not arise out of the nonresident defendant's conduct or actions occurring in Rhode Island, being the forum state, due process considerations require that the contacts with the forum state by the defendant be systematic and purposeful before *in personam* jurisdiction can be established. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16, 104 S.Ct. 1868, 1872–73, 80 L.Ed.2d 404, 411–12 (1984).

■ We accord great deference to a trial justice's findings concerning a defendant's minimum contacts with the forum state, and "this Court will not disturb the factual findings of a trial justice unless the trial justice has misconceived or overlooked relevant or material evidence or was otherwise clearly wrong." *Ultra Scientific, Inc.*, 687 A.2d at 1249 (citing *Cerilli v. Newport Offshore, Ltd.*, 612 A.2d 35, 39 (R.I.1992)). On the record facts before us, we conclude, as did the trial justice,

---

1. Treasure Island, in its answer to Casey's interrogatories, stated "[o]f the 525,000 prior guests in the data base, 716 or .136% have mailing addresses in Rhode Island."

that the dispositive issue before her was whether Treasure Island, through its use of mailed advertising to previous guests in Rhode Island and its contractual arrangements with various airlines, had purposefully availed itself of the privilege of doing business in Rhode Island. . The trial justice first began her analysis of that issue by noting that the mailed advertisements were not "random mailings to Rhode Island residents" but were rather "follow-up literature to persons who were previously patrons of the hotel" and that Treasure Island did not engage in any other activity to solicit Rhode Island residents. The trial justice found that for a Rhode Island court to assume jurisdiction based on that limited activity by Treasure Island could, in effect, potentially subject Treasure Island to *in personam* jurisdiction in "every state, and maybe every country in the world," and such an exercise of jurisdiction would certainly offend fundamental notions of fairness. Concerning the use of the room set-asides for airline packages, the trial justice found that Treasure Island had no specific knowledge as to where or by whom the airline packages would be used and that anyone in the world could take advantage of the packages solicited by the airlines. Finally, she noted that while Rhode Island provided a favorable forum for Casey on the issue of damages, "every other element in the plaintiff's cause of action would be proven through individuals and evidence that is located in the other jurisdiction." [2]

Based on our review of the record before us, we concur with the trial justice's determination that the mere follow-up solicitation of previous hotel guests and the practice of offering room set-asides to airlines, in the absence of any other meaningful activity directed toward Rhode Island, did not constitute sufficient minimum contacts with Rhode Island or purposeful availment by Treasure Island of the benefits of doing business in Rhode Island.

Thus, we conclude that the trial justice did not err by granting Treasure Island's motion to dismiss for lack of *in personam* jurisdiction.

For the foregoing reasons, we deny and dismiss this appeal. We affirm the judgment of the Superior Court, to which we remand the papers in this case.

---

2. We observe that at the time Casey's civil action was filed in the Providence Superior Court, his action, had it been filed in Nevada, already was time-barred.