DECISION
Defendant PMC Group, Inc. ("PMC Group") moves to dismiss the breach of contract and duty of good faith claims asserted against it on three grounds: (1) lack of subject matter jurisdiction under Rule 12(b)(1); (2) lack of personal jurisdiction under Rule 12(b)(2); and (3) failure to state a claim for which relief may be granted under Rule 12(b)(6) of the Super. R. Civ. P. Finding that Plaintiff Thomas Barry ("Plaintiff") has alleged and submitted evidence of sufficient facts concerning PMC Group's successor liability, the Court denies PMC Group's motion.
 I Facts and Travel
Plaintiff of Warwick, Rhode Island and Defendant PMC Film Canada, Inc. ("PMC Film") of Canada entered into an employment contract on February 4, 2002 under which Plaintiff was to sell PMC Film's products in exchange for a commission. The contract designated that either party could terminate the agreement with ninety days written notice. On *Page 2 
May 18, 2005, Plaintiff received a letter from PMC Film, terminating the employment contract effective May 31, 2005, just thirteen days later.
On June 20, 2007, Plaintiff filed suit against PMC Film, asserting one count for breach of contract and a second count for breach of the duty of good faith and fair dealing. In his complaint, Plaintiff alleged that PMC Film owed Plaintiff earnings and commissions for the time period between May 1, 2005 and August 18, 2005, as well as earnings and commissions that Plaintiff would have earned had he been allowed to continue his employment for a period of ninety days from May 18, 2005, the date of notice of termination.
On December 10, 2010, while Plaintiffs suit was pending, PMC Film officially dissolved. As a result, on April 12, 2011, Plaintiff filed an Amended Complaint, adding PMC Film's parent corporation, PMC Group, as a co-defendant. In his Amended Complaint, Plaintiff asserted a third count against PMC Group, alleging that PMC Group had merely absorbed PMC Film and continued to conduct PMC Film's business under a different name. Of particular relevance are paragraphs 27 to 34 of the Amended Complaint, which state as follows:
 "27. That just recently Plaintiff has received notice from Defendant PMC Film Canada, Inc. that that Corporation has been dissolved as of December 13, 2010.
 "28. That it has also come to the attention of the Plaintiff that all of the `customer lists' of Defendant PMC Film Canada, Inc. were sold by PMC Group, Inc. to a competitor, Klockner Pentaplast of Gordonsville, Virginia in the not too distant past.
 "29. That it is also believed by Plaintiff that PMC Group, Inc. has divested other assets of PMC Film Canada, Inc. with the effect of making this Corporation insolvent.
 "30. That as a result, if this case were to go to trial with PMC Film Canada, Inc. as the only defendant, it is likely, and almost certain, that any Judgment on the part of Plaintiff would be worthless. *Page 3 
 "31. That Plaintiff at the present time has outstanding discovery concerning the location and ownership of the assets of PMC Film Canada, Inc. and believes that when discovery is complete the evidence will show that the parent Company, PMC Group, Inc., may be responsible for wasting or secreting assets of PMC Film Canada, Inc., which could and should have been available to pay any Judgment against it in this matter.
 "32. That Plaintiff further believes that PMC Group, Inc. continues to sell the same products that PMC Film Canada, Inc. sold in the past and thus is merely continuing the business in which PMC Film Canada, Inc. was involved in under the continuing enterprise theory and therefore, it is responsible for all debts and liabilities of the dissolved Corporation.
 "33. That in addition, it is believed that PMC Group, Inc. has divested other assets of PMC Film Canada, Inc. contributing to the insolvency of that Corporation.
 "34. That in the alternative, Plaintiff alleges that Defendant PMC Group, Inc. is liable to the Plaintiff for his injuries suffered as alleged in Counts I and II because Defendant PMC Group, Inc. is a mere continuation of the predecessor Corporation, PMC Film Canada, Inc."
On May 20, 2011, PMC Group filed the instant motion to dismiss. First, PMC Group argues that the Court lacks personal jurisdiction over it because PMC Group has no contacts with Rhode Island, is not a party to any agreement with Plaintiff, and is a separate and distinct corporate entity from PMC Film such that it cannot be held liable for PMC Film's alleged breaches. Second, PMC Group avers that Plaintiff has failed to allege that PMC Group was a party to any agreement with him; therefore, no justiciable controversy exists and the Court lacks subject matter jurisdiction. Third, PMC Group maintains that Plaintiff's allegations against it fail to state a claim for which relief can be granted because a parent corporation is not liable for the acts of its subsidiary, and insufficient facts are pled to justify piercing the corporate veil. *Page 4 
In its June 24, 2011 objection, Plaintiff contends that PMC Group is liable for the actions of its subsidiary, PMC Film, under the "continuing enterprise theory" because PMC Group absorbed PMC Film's business and is thus a mere continuation of PMC Film. Accordingly, Plaintiff avers, PMC Group is liable for PMC Film's actions and is subject to personal jurisdiction based upon PMC Film's minimum contacts with Rhode Island. Plaintiff maintains further that, because PMC Group claims to be a global manufacturer and provider of goods on its corporate website, it should have reasonably foreseen its goods being sold into Rhode Island and being subjected to the jurisdiction of this Court. With regard to subject matter jurisdiction, Plaintiff argues that PMC Group — as a successor corporation — stepped into the shoes of its predecessor-subsidiary such that a justiciable controversy exists between Plaintiff and PMC Group. Finally, based upon similar reasoning concerning the continuing enterprise/successor liability theory, Plaintiff contends that PMC Group can show no set of circumstances under which Plaintiff would be entitled to relief from PMC Group.
 II Analysis A Personal Jurisdiction — Rule 12(b)(2)
"It is well established that to withstand a defendant's Rule 12(b)(2) motion to dismiss a complaint for lack of in personam jurisdiction, a plaintiff must allege sufficient facts to make out a prima facie case of jurisdiction." Cerberus Partners, L.P. etal. v. Gadsby Hannah, LLP, 836 A.2d 1113, 1118 (R.I. 2003) (citing Ben's Marine Sales v. Sleek Craft Boats,502 A.2d 808, 809 (R.I. 1985)). The Court must "examine the pleadings, accept all facts alleged by the plaintiff as true, and view the disputed facts in the light most favorable to the plaintiff" to *Page 5 
determine whether the plaintiff has set forth a prima facie case.Cassidy v. Longuist Mgmt. Co., 920 A.2d 228, 232 (R.I. 2007). A prima facie case is established "when the requirements of the Rhode Island long-arm statute are satisfied." Id. Rhode Island's long-arm statute governs the state's jurisdiction over nonresident defendants and provides as follows:
 "Every foreign corporation, every individual not a resident of this state and every partnership or association, composed of any person or persons not such residents, that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island in every case not contrary to the provisions of the constitution or laws of the United States." G.L. 1956 § 9-5-33.
Thus, Rhode Island's long-arm statute "permits the exercise of jurisdiction over nonresident defendants to the fullest extent permitted by the United States Constitution." Rose v. FirstarBank, 819 A.2d 1247, 1250 (R.I. 2003).
The United States Constitution's due process provisions require that a defendant have made "minimum contacts" with the forum state so that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice."Cerberus Partners, 836 A.2d at 1118 (quotingInternational Shoe Co. v. Washington,326 U.S. 310, 316 (1945)). The Court's minimum contacts inquiry is fact intensive and involves consideration of whether a defendant should, based upon the facts presented, "reasonably anticipate being haled into court" in the forum state. Id.
Personal jurisdiction may be either general or specific, depending on the nature and amount of contacts made with the forum state.Id. "When [a defendant's] contacts with a state are continuous, purposeful, and systematic, a nonresident defendant will subject itself to the general jurisdiction of that forum's courts with respect to all claims, regardless of whether they relate to or arise out of the nonresident's contacts with the forum."Rose, 819 A.2d at 1250 *Page 6 
(citing International Shoe Co., 326 U.S. at 318). If the contacts are not sufficiently continuous and systematic to establish general jurisdiction, "a court may [nevertheless] exercise specific personal jurisdiction over the nonresident defendant if the claim sufficiently relates to or arises from any of a defendant's purposeful contacts with the forum." Id. at 1251.
 1 General In Personam Jurisdiction
Plaintiff maintains that PMC Group is subject to general in personam jurisdiction in Rhode Island because it presents itself as a "global manufacturer" on its corporate website, which includes an "exhausting list of products and services allegedly produced by PMC Group." Such representations, Plaintiff contends, demonstrate that PMC Group's activities have permeated the stream of commerce throughout the United States. PMC Group counters with evidence that PMC Group is not a resident of Rhode Island, is not licensed to conduct business in Rhode Island, does not maintain a registered agent for service of process in Rhode Island, has no offices, property, telephone, or employees in Rhode Island, and does not derive revenue from business conducted in Rhode Island. (Aff. of Robert Jones ¶¶ 2, 3, 7-11.)
This Court holds that Plaintiff has failed to assert or produce sufficient facts to make out a prima facie case of general in personam jurisdiction. For one, Plaintiff's Amended Complaint states only that "Defendants PMC Film Canada, Inc. and PMC Group, Inc. do business in the State of Rhode Island and have the minimum contacts necessary in the State of Rhode Island to give jurisdiction to this Honorable Court through its long arm statute." (Amended Compl. ¶ 4.) Plaintiff offers little more than a legal conclusion, rather than a statement of fact, especially when weighed against PMC Group's fact-specific affidavit testimony. See
Jones Aff. ¶¶ 2, 3, 7-11; see also Perkins v. Benguet Consol.Mining Co., 342 U.S. 437, 438 (1952) (relying upon *Page 7 
nonresident defendant's maintenance of in-state office and bank accounts, as well as official correspondence and meetings within the forum, as evidence of minimum contacts necessary for general jurisdiction).
Furthermore, the excerpts from PMC Group's website upon which Plaintiff relies fall short of establishing that PMC Group conducts continuous and systematic business specifically in Rhode Island. Even as a "global manufacturer," PMC Group's contacts with Rhode Island, if any, could be nothing more than "random and fortuitous."See Keeton v. Hustler Magazine, Inc.,465 U.S. 770, 774 (1984) (holding regular monthly sales of Hustler Magazine into New Hampshire were sufficient contacts for general jurisdiction because they "cannot by any stretch of the imagination be characterized as random, isolated, or fortuitous").
This Court's cautious approach to general in personam jurisdiction comports with existing case law in the state. For example, inCasey v. Treasure Island at the Mirage,745 A.2d 743, 745 (R.I. 2000), involving a negligence suit for injuries sustained in a hotel swimming pool, our Supreme Court held:
 "[T]he mere follow-up solicitation of previous hotel guests and the practice of offering room set-asides to airlines, in the absence of any other meaningful activity directed toward Rhode Island, did not constitute sufficient minimum contacts with Rhode Island or purposeful availment by Treasure Island of the benefits of doing business in Rhode Island."
There, the Court concurred with the trial justice's finding that basing jurisdiction on such limited contacts with the state "could, in effect, potentially subject Treasure Island to in personam jurisdiction in `every state, and maybe every country in the world,' and such an exercise of jurisdiction would certainly offend fundamental notions of fairness." Id. Similarly, inRoger Williams General Hospital v. Fall River Trust Co.,423 A.2d 1384, 1387-88 (R.I. 1981), our Supreme Court held that a Massachusetts bank lacked the minimum contacts *Page 8 
necessary for a Rhode Island court to exercise general jurisdiction even though the bank had Rhode Island residents as customers, a Massachusetts telephone directory listing the bank was regularly distributed in Rhode Island, and the bank administered a trust that owned Rhode Island property. Id. at 1387-88. A "global organization" may very well lack meaningful, continuous and systematic contacts with a particular forum state. Were such evidence sufficient on its own, then PMC Group could conceivably be haled into court in any jurisdiction around the world — a fundamentally unfair outcome.
 2 Specific In Personam Jurisdiction
Although the Court cannot exercise general jurisdiction over PMC Group, it may nevertheless "exercise specific personal jurisdiction over the nonresident defendant if the claim sufficiently relates to or arises from any of a defendant's purposeful contacts with the forum." Rose, 819 A.2d at 1251. The parties do not dispute that PMC Film conducts business in Rhode Island. (PMC Film Ans. to Amend. Compl. ¶ 4.) PMC Group, however, adamantly argues that it has never made any contracts itself in Rhode Island and is a separate and distinct corporate entity from PMC Film. (Aff. of Robert Jones ¶¶ 4,13.) Thus, PMC Group reasons, it cannot be held liable for the alleged breach of a contract into which an unrelated and now-defunct subsidiary entered. Plaintiff, on the other hand, contends that PMC Group is a "continuing enterprise" or "successor" of PMC Film such that PMC Group has assumed each of the minimum contacts made by its predecessor-subsidiary.
Our Supreme Court recognized the vitality of this continuing enterprise/successor liability theory in H.J.Baker Bro. v. Orgonics, Inc., 554 A.2d 196, 204-05 (R.I. 1989). There, the Court noted five "persuasive" factors that courts examine to find a continuing entity: *Page 9 
 "(1) there is a transfer of corporate assets;
 (2) there is less than adequate consideration;
 (3) the new company continues the business of the transferor;
 (4) both companies have at least one common officer or director who is instrumental in the transfer; and
 (5) the transfer renders the transferor incapable of paying its creditors because it is dissolved either in fact or by law." Id. at 205.
The Supreme Court also noted other persuasive criteria, such as the common identity of officers, directors, and stockholders, and the continued use of the same office space. Id.
Simply because an organization may be subject to successor liability, however, does not necessarily mean that the organization assumes all of its predecessor's jurisdictional contacts. SeeScully Signal Co. v. Joyal, 881 F. Supp. 727, 736 (D.R.I. 1995). In Scully Signal, the United States District Court for the District of Rhode Island considered a concept closely related to the continuing enterprise theory — piercing the corporate veil. While recognizing that liability and jurisdiction are distinct, theScully Signal court stated, "[T]he factors considered for purposes of piercing the corporate veil in the liability context also inform the jurisdictional inquiry." Id.
Similarly, in Conn v. ITT Aetna Finance Co.,105 R.I. 397, 407, 252 A.2d 184, 189 (1969), our Supreme Court "accept[ed] as tenable the thesis that stock ownership plus control may create amenability" of a parent corporation to jurisdiction based upon its subsidiary's contacts. Generally, a court may apply a lesser standard for veil-piercing merely for purposes of jurisdiction. See 1 Fletcher,Corporations § 43.70 at 326-27 (2006).
Still, our Supreme Court has not had occasion to address whether successor liability — as opposed to piercing the corporate veil — also subjects a successor to personal jurisdiction based upon its predecessor's contacts. Left with a matter of first impression, this Court may seek guidance from other courts, many of which have applied the rationale of successor liability to the issue of personal jurisdiction. See, e.g., Williams v. BowmanLivestock Equip. Co., 927 F.2d 1128, 1132 (10th Cir. 1991) *Page 10 
("[C]orporation's contacts with a forum may be imputed to its successor if forum law would hold the successor liable for the actions of its predecessor."); Purdue ResearchFound. v. Sanofi-Synthelabo, S.A.,338 F.3d 773, 784 (7th Cir. 2003) ("Courts have recognized that the jurisdictional contacts of a predecessor corporation may be imputed to its successor corporation" such that the successor "can be expected to be haled into the same courts as its predecessor.");Patin v. Thoroughbred Power Boats, Inc.,294 F.3d 640, 653 (5th Cir. 2002) ("[F]ederal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over . . . a corporation . . . [that] is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court.");Libutti v. United States, 178 F.3d 114, 124-125 (2d Cir. 1999) (holding that an allegation of successor liability against an entity whose predecessor is subject to personal jurisdiction can provide personal jurisdiction over the successor entity); PrecisionFitness Equip. of Pompano Beach, Inc. v. Nautilus, Inc., No. 08-cv-01228-CMA-KLM, 2010 WL 551404, at *2 (D. Colo. Feb. 11, 2010); Goffe v. Blake,605 F. Supp. 1151, 1154 (D. Del. 1985); Cole v. CaterpillarMachinery Corp., 562 F. Supp. 179, 180 (M.D. La. 1983);Bowers v. NETI Technologies, Inc.,690 F. Supp. 349, 359-60 (E.D. Pa. 1988); Select Creations,Inc. v. Paliafito Am., Inc.,852 F. Supp. 740, 765 (E.D. Wis. 1994). One court aptly explained that "[h]olding a successor corporation subject to the jurisdictional contacts of the predecessor corporation is consistent with due process because `the two corporations . . . are the same entity, the jurisdictional contacts of one are the jurisdictional contacts of the other for the purposes of the InternationalShoe due process analysis.'" Indymac Bank v. Royal Bank ofPennsylvania, No. B174522, 2005 WL 1283304, at *3 (Cal. Dist. Ct. App. June 1, 2005) (quoting Patin, 294 F.3d at 653). *Page 11 
Our Supreme Court's treatment of the issue in Conn, the U.S. District Court for the District of Rhode Island's approach inScully Signal and the sound reasoning of other courts all lead to the same conclusion. That is that the continuing enterprise or successor liability theory may be applied to establish PMC Group's minimum contacts with Rhode Island.
Moreover, the Court finds that Plaintiff alleged sufficient facts and produced sufficient evidence to justify applying the theory of successor liability in the instant matter. Plaintiff clearly sets forth in his Amended Complaint that PMC Group transferred PMC Film's assets elsewhere and that said transfer rendered PMC Film incapable of paying its creditors. (Amended Compl. ¶¶ 27-29.) Likewise, Plaintiff speculates that further discovery will reveal that PMC Group wrongfully wasted PMC Film's assets.Id. at ¶ 31. Plaintiff alleges that PMC Group is merely continuing PMC Film's business, now selling the very same products that PMC Film sold. Id. at ¶ 32. Finally, in support of his objection to PMC Group's motion, Plaintiff submits evidence that Plaintiff twice received correspondence from PMC Film directing him to send materials to "our corporate office," which was listed as "PMC Group, Inc., 1288 Route 73 South, Suite 401, Mt. Laurel, New Jersey." (Pl. Exs. 3, 5: PMC Film Letters.) Accordingly, based upon the law and the facts before it, this Court denies PMC Group's motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction.
 B Subject Matter Jurisdiction — Rule 12(b)(1)
If a court lacks jurisdiction over the class of cases to which a particular action belongs, it must dismiss the action. See
Kent, Rhode Island Practice 110 (1960). The Superior Court of Rhode Island is a trial court of general jurisdiction, deriving its authority from statute, and therefore has "subject matter jurisdiction over all cases unless that jurisdiction has been *Page 12 
conferred by statute upon another tribunal." Chase v.Bouchard, 671 A.2d 794, 796 (R.I. 1996) (citing La PetiteAuberge, Inc. v. R.I. Comm'n for Human Rights,419 A.2d 274, 279 (R.I. 1980)).
PMC Group cites two cases for the proposition that a justiciable controversy must exist and must involve an "injury in fact" that is not conjectural or hypothetical in order for the Court to exercise jurisdiction: Berberian v. Travisono, 332 A.2d 121 (R.I. 1975) and Meyer v. City of Newport, 844 A.2d 148 (R.I. 2004). Both cases cited are inapposite because they only address the issue of standing in the context of the Uniform Declaratory Judgments Act.
The matter before this Court involves an alleged breach of contract and breach of the duty of good faith and fair dealing. Plaintiff seeks damages, not a declaration of rights. It is within this Court's jurisdiction to hear such matters. Accordingly, PMC Group's motion to dismiss for lack of subject matter jurisdiction is denied.
 C Failure To State a Claim for Which Relief May Be Granted — Rule 12(b)(6)
A Rule 12(b)(6) motion to dismiss seeks to test the sufficiency of the complaint. McKenna v. Williams,874 A.2d 217, 225 (R.I. 2005) (quoting Rhode Island Affiliate,ACLU, Inc. v. Bernasconi, 557 A.2d 1232, 1232 (R.I. 1989)) (internal quotations omitted). In considering such a motion, this Court "assumes the allegations contained in the complaint to be true and views the facts in the light most favorable to the plaintiffs."Giuliano v. Pastina, Jr., 793 A.2d 1035, 1036-37 (R.I. 2002) (quoting Martin v. Howard, 784 A.2d 291, 297-98 (R.I. 2001)). "[A] motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) should be granted only when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief under any set of facts that could be proven *Page 13 
in support of the claim." Siena, M.D. et al. v. MicrosoftCorporation, 796 A.2d 461, 463 (R.I. 2002) (citing Bruno v.Criterion Holdings, Inc., 736 A.2d 99, 99 (R.I. 1999)).
PMC Group argues that a parent corporation is not liable for the acts of its subsidiary; therefore, Plaintiff has not stated a valid claim against PMC Group. Plaintiff counters with the very same argument offered in opposition to the motion to dismiss pursuant to Rule 12(b)(2): that PMC Group is a successor to PMC Film, or in other words a "continuing enterprise." As discussed supra, Plaintiff has alleged sufficient facts and produced sufficient evidence to implicate PMC Group as a successor, as defined inH.J. Baker Bro., 554 A.2d at 205. Accordingly, the Court will not dismiss Plaintiff's action for failure to state a claim.
 III Conclusion
For the foregoing reasons, the Court denies PMC Group's motion to dismiss pursuant to Rules 12(b)(1), (2), and (6) of the Rhode Island Superior Court Rules of Civil Procedure. Counsel shall submit the appropriate judgment for entry. *Page 1